UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 09-11804-GAO

LEE E. FORT,
Petitioner,

v.

MICHAEL G. GRANT,
Respondent.

OPINION AND ORDER
March 17, 2010

O'TOOLE, D.J.

The petitioner, Lee E. Fort, is a Massachusetts prisoner convicted of trafficking in cocaine in a school zone. A summary of the facts of the case can be found in the Massachusetts Appeals Court's ("Appeals Court") opinion affirming his conviction. See Commonwealth v. Fort, 887 N.E.2d 312, 2008 WL 2050776 (Mass. App. Ct. May 15, 2008) (unpublished table decision). In brief, a Brockton police officer, patrolling a public housing complex for trespassers, stopped Fort's car. Fort's subsequent behavior prompted the officer to order him out of the car, at which time the officer noticed and seized a plastic bag of cocaine protruding from Fort's pocket.

Fort has petitioned for a writ of habeas corpus under 28 U.S.C. § 2254 and moved for discovery and an evidentiary hearing. The respondent has moved to dismiss the petition. The respondent's motion is meritorious.[1]

**I.**     **Grounds I-III**

As ground I in support of his petition, Fort contends that his Fourth Amendment rights were violated because the officer improperly seized him. As grounds II and III, Fort alleges that

---

[1] Because no additional evidence would forestall dismissal of this habeas petition, Fort's Combined Motion for Discovery and Evidentiary Hearing (dkt. no. 12) is DENIED.

the trial and appellate courts' adjudications of his motion to suppress the cocaine were based on unreasonable determinations of the facts. The respondent has moved to dismiss all three grounds, asserting that these Fourth Amendment claims are barred by Stone v. Powell, 428 U.S. 465 (1976).

Under Stone, "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." Id. at 482. "'A full and fair opportunity' to litigate means that the state has made available to defendants a set of procedures suitably crafted to test for possible Fourth Amendment violations." Sanna v. DiPaolo, 265 F.3d 1, 9 (1st Cir. 2001) (internal quotation omitted). "An error in the state court's decision is not a denial of full and fair litigation." Palmigiano v. Houle, 618 F.2d 877, 882 (1st Cir. 1980).

Fort had, and availed himself of, the opportunity to litigate his Fourth Amendment claim before the state courts. With the assistance of counsel, Fort filed a motion to suppress the drugs arguing *inter alia* that the officer improperly seized him. (App. 49-55.) The trial court held an evidentiary hearing, (id. at 343-421), and issued a twelve-page decision denying his motion to suppress because a stop did not occur and even if a stop occurred, it was justified by reasonable suspicion that Fort was trespassing, (id. at 33-44). Fort sought, but was denied, an interlocutory appeal from the denial of his motion to suppress. (Id. at 16-128.) The Appeals Court affirmed his conviction after reviewing his challenge to the motion to suppress ruling. Fort, 2008 WL 2050776. The Massachusetts Supreme Judicial Court ("SJC") denied his petition for further appellate review of the motion to suppress ruling. Commonwealth v. Fort, 891 N.E.2d 237 (Mass. 2008) (unpublished table decision). The United States Supreme Court denied his petition for certiorari. Fort v. Massachusetts, -- U.S. --, 129 S. Ct. 1354 (2009) (mem.). A single justice

of the SJC denied his *pro se* petition challenging the denial, and review on appeal, of the motion to suppress under Massachusetts General Laws chapter 211, § 3 and the SJC affirmed that denial. Fort v. Commonwealth, 916 N.E.2d 758 (Mass. 2009).

Fort's argument is that he was denied a full and fair opportunity to litigate his Fourth Amendment claims because the state courts ignored facts that were favorable to him. His argument does not challenge the adequacy of the state procedures; that is, he does not contend that he was denied the opportunity to present this favorable evidence to the state courts. Rather, Fort simply argues that the state courts erroneously determined the facts based on the evidence presented. A habeas petitioner, however, "cannot elude Stone where his sole complaint is that the outcome of a perfectly satisfactory state process was erroneous." Sanna, 265 F.3d at 9.

Fort clearly had a full and fair opportunity to litigate his Fourth Amendment claims. Grounds I-III are barred by Stone and are dismissed.

## II.     Ground IV

As ground IV, Fort contends that the trial court's admission of the certificate of analysis establishing that the substance trafficked was cocaine, unaccompanied by the state laboratory analyst's testimony, violated his Sixth Amendment rights under Melendez-Diaz v. Massachusetts, -- U.S. --, 129 S. Ct. 2527 (2009). The respondent has moved to dismiss this ground because it is unexhausted and barred by the doctrine of Teague v. Lane, 489 U.S. 288 (1989).

The petitioner bears the burden of showing that he exhausted his claims by "fairly and recognizably" presenting to the state courts the factual and legal bases of his federal claim. Adelson v. DiPaola, 131 F.3d 259, 262 (1st Cir. 1997). In his reply brief, Fort asserts that he indirectly presented his Sixth Amendment claim in a separate, *pro se* Moffett brief filed on direct appeal. No party furnished the Court a copy of that separate brief so it is impossible to fully

3

evaluate Fort's Sixth Amendment claim. His own description of it, however, suggests that he did not "'face-up and squarely'" present a federal Confrontation Clause argument to the state courts. See Jackson v. Coalter, 337 F.3d 74, 86 (1st Cir. 2003) (quoting Martens v. Shannon, 836 F.2d 715, 717 (1st Cir. 1988)). The record also includes the Commonwealth's opposition to his separate brief and the Appeals Court's opinion rejecting the claims raised in his separate brief, but neither mentions any issue regarding the certificates of analysis. Ground IV was not exhausted and for that reason may be dismissed.

Nonetheless, an unmeritorious claim in a habeas petition may be denied notwithstanding the failure to exhaust. 28 U.S.C. § 2254(b)(2). That is an appropriate course here. Fort's reliance on the holding of Melendez-Diaz is impermissible in this forum under the Teague doctrine, which forecloses a habeas attack on a prior state criminal conviction on the basis of a "new" rule of constitutional law not in existence at the time of the petitioner's state conviction. See 489 U.S. at 301. Fort's conviction became final when the Supreme Court denied his petition for certiorari on February 23, 2009. Fort, 129 S. Ct. at 1354. Melendez-Diaz was decided several months later on June 26, 2009. 129 S. Ct. at 2527. Therefore, Fort's unexhausted Sixth Amendment claim is barred under Teague.

### III.    Conclusion

For the foregoing reasons, the respondent's Motion to Dismiss Petition for Writ of Habeas Corpus (dkt. no. 14) is GRANTED. The Petition for Relief from a Conviction or Sentence by a Person in State Custody (dkt. no. 1) is DISMISSED.

It is SO ORDERED.

    /s/ George A. O'Toole, Jr.
United States District Judge